

**VIRGINIA:**

IN THE CIRCUIT COURT FOR ROCKINGHAM COUNTY

**PATRICIA FINK,**

                                        **Plaintiff,**

**V.**                                          Case No.: CL20-3686

**WAL-MART STORES EAST, LP,**

Serve:    CT Corporation System   (Registered Agent)
             4701 Cox Road, Suite 285
             Glen Allen, VA 23060
             (Henrico County)

And

**WALMART, INC.**

Serve:    CT Corporation System   (Registered Agent)
            4701 Cox Road, Suite 285
            Glen Allen, VA 23060
            (Henrico County)

                                        **Defendant.**

## COMPLAINT

COMES NOW the plaintiff, by counsel, and for her Complaint in this action, states as follows:

1. At all times relevant to this action, Patricia Fink ("Fink"), was a resident of Rockingham County, Virginia.

2. At all times relevant to this action, Wal-Mart Stores East, LP ("Wal-Mart"), was a Delaware Limited Partnership with its principal office located in Arkansas and transacting substantial business activity in Rockingham County, Virginia.

1

3. At all times relevant to this action, Walmart, Inc. ("Walmart"), was a Delaware Stock Corporation with its principal office located in Arkansas and transacting substantial business activity in Rockingham County, Virginia.

4. At all times relevant to this action, Wal-Mart and Walmart owned and operated or controlled a retail store located at 2160 John Wayland Hwy, Harrisonburg, Virginia (hereinafter "the Supercenter").

5. At all times relevant to this action Wal-Mart and Walmart owned, occupied, and maintained the Supercenter and served customers for profit.

6. On or about September 25, 2020, Fink was a customer at the Supercenter and a business invitee of Wal-Mart and Walmart.

7. At that same time and place, an agent and/or employee of the defendants had spilled flour or sugar on the floor inside the Supercenter. The flour or sugar was not easily visible to pedestrians, and was slippery on the floor of the Supercenter thereby posing an unreasonable danger to customers, including Fink.

8. Wal-Mart and Walmart were aware or should have been aware of the spilled flour or sugar and were aware or should have been aware that it was not easily visible to customers walking nearby and posed a danger to its customers.

9. On or about September 25, 2020, Fink was walking near the flour or sugar. Fink stepped onto the flour or sugar which caused her to fall to the ground injuring her arm, shoulder and other parts of her body (hereinafter referred to as "the fall").

10. The flour or sugar on the floor was not easily visible nor obvious and had been on the floor for several minutes prior to the fall.

11. The floor beneath Fink at the time of the fall was unreasonably dangerous in that it was extremely slippery due to the spilled flour or sugar and thus dangerous to walk upon.

12. At all times relevant to this action Wal-Mart and Walmart knew, or in the exercise of reasonable care should have known, that the flour or sugar on the floor posed and unreasonable risk of bodily injury to its customers, including Fink.

### Count I   (Negligence)

13. Fink hereby incorporates by reference paragraphs 1- 12 of the Complaint as if fully restated herein.

14. At all times relevant to this action, Wal-Mart and Walmart owed a duty of care to Fink to maintain the Supercenter in a reasonably safe condition for her visit.

15. At all times relevant to this action, Wal-Mart and Walmart owed a duty of care to Fink to warn her of any unsafe conditions at the Supercenter, including the flour or sugar on the floor and the slippery condition of the floor.

16. Wal-Mart and Walmart were negligent in that they knew or should have known of the unreasonably dangerous condition of the floor at the Supercenter and failed to make the floor reasonably safe for Fink's use and failed to warn Fink of the dangerous condition.

17. As a direct and proximate result of the negligence of Wal-Mart and Walmart, Fink has suffered bodily injuries including great pain and suffering of mind and body and has also incurred medical expenses and lost wages.

### Demand for Trial by Jury

18. Fink hereby demands a trial by jury on all issues in this action.

### Relief Sought

WHEREFORE, Fink moves this Honorable Court to enter judgment in her favor against the defendants, jointly and severally, in the amount of $475,000.00, to award her pre-judgment and post judgment interest and to award her costs expended in this action.

**PATRICIA FINK**

_____
Of Counsel

W. Barry Montgomery, Esq.   (VSB# 43042)
KPM Law
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
Tel:     (804) 320-6300
Fax:    (804) 320-6312
Email:  barry.montgomery@kpmlaw.com
Counsel for Patricia Fink